IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANDRA STOKES and LINDA WILLIAMS,

    Plaintiffs,

v.

U.S. FOODSERVICE, INC., et al.,

    Defendants.
_____/

No. C 06-00249 JSW

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND REMAND TO STATE COURT**

Now before the Court is Sandra Stokes and Linda Williams' ("Plaintiffs") motion for leave to amend their complaint and remand the case to state court. The Court finds the present motion suitable for resolution without oral argument and hereby VACATES the hearing date of March 10, 2006. *See* Civil Local Rule 7-1(b). Having carefully considered the parties' arguments as presented in their papers and the relevant legal authority, the Court HEREBY GRANTS Plaintiffs' motion.

**FACTUAL BACKGROUND**

On November 28, 2005, Plaintiffs filed a complaint in Alameda County Superior Court against their former employer and other related parties, U.S. Foodservice, Inc., Royal Ahold USA, Royal Ahold, Henry Smith, Phil Collins, Cathy Quiggle, Charles Brown, Anthony Cisneros, and does 1 through 50 ("Defendants"), alleging causes of action based on California and Federal law, including sexual harassment and sex discrimination in violation of the Federal Employment and Housing Act ("FEHA") and Title VII, 42 U.S.C § 2000e *et seq*; failure to take

all reasonable steps necessary to prevent discrimination and harassment from occurring in violation of FEHA; discrimination and harassment based on race in violation of FEHA and Title VII; retaliation for opposing sex and race discrimination and harassment in violation of FEHA and Title VII; wrongful termination in violation of public policy under California Government Code § 12900; sexual battery in violation of California Civil Code § 1708.5; assault and battery; intentional and negligent infliction of emotional distress; negligence; and negligent hiring, supervision, and retention. (Compl. at ¶¶ 17-83.) On January 12, 2006, Defendants filed an answer to Plaintiffs complaint in Alameda County Superior Court. Also on January 12, 2006, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 based upon federal question jurisdiction.

## ANALYSIS

**A.   Motion to Amend the Complaint.**

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Once a responsive pleading has been served, however, amendment requires written consent of the adverse party or leave of the court. *Id*. Leave to amend "shall be freely given when justice so requires." *Id.* The general rule is that amendment of the pleading is permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing side, or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party carries the greatest weight of the relevant factors and denial is only warranted where the prejudice is substantial. *Eminence Capital*, 316 F.3d at 1052; *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The burden of showing prejudice is on the party opposing amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of the remaining factors, a presumption exists in favor of granting the amendment. *Eminence Capital*, 316 F.3d at 1052.

Here, Plaintiffs have not caused undue delay, as they have filed their motion to amend the complaint less than three weeks after removal of the action to this Court. Futility of

amendment is also inapplicable to the facts because Plaintiffs seek to amend their complaint to delete a claim, rather than to add or clarify an existing claim.

In addition, there is no indication that Plaintiffs are seeking amendment in bad faith. Although Defendants argue that Plaintiffs intentionally included federal claims, such intentional inclusion does not automatically amount to bad faith. As the Ninth Circuit stated, a plaintiff is "entitled to file both state and federal causes of action in state court." *Baddie v. Berkeley Farms, Inc*., 64 F.3d 487, 490 (9th Cir. 1995). Upon removal to federal court, the plaintiff is also "entitled to settle certain claims or dismiss them with leave of the court." *Id.* Such tactical decisions are not manipulative unless there is reason to believe that the inclusion of federal claims was "for the purpose of putting defendants through the removal-remand procedure." *Id.* at 490-91. Defendants have not provided evidence sufficient to indicate that Plaintiffs engaged in such conduct. Defendants merely attempt to refute Plaintiffs' contention that their inclusion of Title VII claims was inadvertent by arguing that the inclusion was actually intentional. (Opp. Br. at 2-3.) Defendants do not argue or offer evidence showing that Plaintiffs included the federal claims solely to put defendants through the removal-remand procedure.

Finally, there has been no showing of prejudice to the opposing party, the predominate factor in this inquiry. As both Plaintiffs and Defendants admit, this matter is still in the early stages of litigation. (Br. at 6; Opp. Br. at 5.) Only an answer has been filed and discovery has yet to be completed. Therefore, Defendants have not met their burden of demonstrating prejudice. Based on these factors, Plaintiffs' motion to amend should be granted.

**B.     Motion to Remand.**

If Plaintiffs are granted leave to amend their complaint and dismiss the Title VII allegations, Plaintiffs request that the remaining state causes of action be remanded to state court. (Br. at 4.) In opposition to the motion to remand, Defendants argue that the motion should be denied because Plaintiffs are engaging in forum manipulation. (Opp. Br. at 5-6.)

The propriety of removal jurisdiction is determined at the time of removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). The Ninth Circuit has held that plaintiffs cannot compel remand by amending their complaint to eliminate the federal claims which

3

provided the basis for removal. *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). However, federal courts have discretion "either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). The Supreme Court has directed district courts to consider judicial economy, convenience, fairness, and comity, as well as forum manipulation, when determining whether to remand a case to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). The Ninth Circuit recognized that "it is generally preferable for a district court to remand remaining pendant claims to state court." *Harrell*, 934 F.2d at 205.

Here, the factors that the Supreme Court directed district courts to consider in *Carnegie-Mellon* weigh in favor of remand. Plaintiffs have been granted leave to amend their complaint, which will eliminate the federal claims for relief that provided a basis for removal. The remaining claims arise solely under state law. The state court is equally competent to hear this case and more familiar with the law of its own forum. Therefore, principles of comity favor remand to the state court.

Judicial economy also weighs in favor of remand. Both Plaintiffs and Defendants note that this case is in its early stages. (Br. at 6; Opp. Br. at 5.) Defendants removed the case to this Court on January 13, 2006 and Plaintiffs swiftly filed a motion to remand on January 29, 2006. Furthermore, this Court has played little part in the overall litigation of the case. The present motions before the Court are the first substantive considerations undertaken, which will not need to be duplicated regardless of whether the case is remanded.

Considerations of convenience and fairness do little to sway the balance for or against remand. Neither Plaintiffs nor Defendants cite to facts indicating that the decision whether to remand will implicate the convenience or fairness factors. In addition, a state forum will provide an equally fair adjudication of the matter as this Court.

Defendants argue that Plaintiffs has "attempted to manipulate the choice of forum." (Opp. Br. at 5.) Plaintiffs, however, characterize their inclusion of Title VII claims as an inadvertent error. (Br. at 3.) The Ninth Circuit has held that "[f]iling federal claims in state

4

court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court." *Baddie*, 64 F.3d at 491.  "If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum" *Id.*  In *Baddie*, the plaintiffs dismissed their federal claims and moved for remand shortly after removal from state court.  *Id.*  The court concluded that there was "nothing manipulative about that straight-forward tactical decision and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court."  *Id.*

In *Moyles v. Johnson Controls, Inc.*, the court applied the reasoning in *Boddie* to procedural facts similar to those before this Court and granted plaintiffs motion to remand. 2005 WL 1561519, at **3-4 (E.D. Cal. 2005).  In *Moyles*, the plaintiffs filed a motion to remand the action to state court shortly after removal and simultaneously filed a motion to amend their complaint in order to eliminate all federal claims.  *Id.* at *1.  Although the court noted that the plaintiffs' motivation for amending the complaint was to obtain remand, the court found nothing manipulative in such a straight-forward tactical decision.  *Id.* at **2, 4 (citing *Baddie*, 64 F.3d at 491).

Here, as in *Baddie* and *Moyle*, Plaintiffs moved for remand "with all due speed after removal."  *See Baddie*, 64 F.3d at 491; *Moyles*, 2005 WL 1561519 at *4.  Even if Plaintiffs' inclusion of Title VII claims was a "calculated decision" as Defendants argue, there is nothing manipulative about such a legitimate tactical decision.  (Opp. Br. at 7.)  Therefore, exercising its discretion, this Court finds that the remaining state law causes of action should be remanded to state court.

5

**CONCLUSION**

The Court GRANTS Plaintiffs' motion for leave to amend the complaint and GRANTS the motion to remand the case to state court. The case is remanded to the Superior Court for the County of Alameda. The Clerk shall close this Court's file.

**IT IS SO ORDERED.**

Dated: March 1, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE